UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| MARK NORTON, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Cause No. 4:09CV1644 RWS |
| ) | |
| MICHAEL J. ASTRUE, ) | |
| Commissioner of Social Security, ) | |
| ) | |
| Defendant. ) | |

## MEMORANDUM AND ORDER

This matter is before me on a Report and Recommendation to affirm the decision of the Commissioner of Social Security to deny Plaintiff disability insurance benefits and supplemental security benefits. Plaintiff Mark Norton has filed timely objections to this recommendation. I find that the Report and Recommendation properly states the applicable law. As a result, I will adopt the Report and Recommendation and affirm the decision of the Commissioner.

This matter was referred to United States Magistrate Judge David D. Noce for a Report and Recommendation pursuant to 28 U.S.C. § 636(b). Judge Noce issued a Report and Recommendation that recommended that the Commissioner's decision to deny benefits be affirmed. Judge Noce found that the Administrative Law Judge's (ALJ) determination that Norton's disability had ceased was supported substantial evidence in the record as a whole.

Norton objects to Judge Noce's apparent equation that Norton's failure to stop drinking was part of his "prescribed treatment" which would be expected to restore Norton's ability to work. I do not read Judge Noce's report or the record to equate Norton's need to abstain from alcohol consumption as part of his "prescribed treatment." The record and report both state that Norton's psychological issues could be controlled with the "prescribed treatment" of taking his

prescribed medications. The ALJ noted that most of Norton's hospitalizations for psychiatric treatment were caused by his failure to take his medications. In addition, a contributing factor to the hospitalizations was Norton's heavy consumption of alcohol prior to each admission to the hospital. On each occasion that Norton was hospitalized he resumed his medications and quickly stabilized. In addition, the ALJ found that when Norton took his medications as directed (his "prescribed treatment") and abstained from alcohol consumption his mental condition was stable. To the extent the report suggests that refraining from alcohol was a prescribed treatment it does not change the fact that the ALJ's decision is supported by substantial evidence. Morover, a doctor's recommendation to refrain from substance abuse may be part of a prescribed course of medical treatment. See Burnside v. Apfel, 223 F.3d 840, 843 (8th Cir. 2000)(failure to stop smoking).

Norton also objects to the inference the ALJ made from Norton's statement that he was unable to find work because he was a registered sex offender. Norton asserts that this statement does not show that his ability to work would be restored if he took his medication. Norton is right but the ALJ did not make such a connection. The ALJ simply found that the statement implied an inference that Norton felt that without a criminal record he would be able to find work.

Norton asserts that the ALJ erred when she determined that Norton failed to provide good cause for failing to follow his treatment recommendations which would allow him to work. However, the record supports the ALJ's decision because although Norton argued that some mental impairments can cause a claimant not to appreciate the need to comply with taking medications, Norton failed to provide any evidence that **he** did not appreciate the need to comply

with his prescribed treatment. Norton argues that the ALJ's decision was not supported because the ALJ's inquiry about non compliance was insufficient under Burnside, 223 F.3d at 843. The Burnside case is not applicable because in Burnside, the court's decision turned on the fact that the record was unclear whether the ALJ found the failure to follow the prescribed course of medical treatment would restore the claimant's ability to work. In the present case, the ALJ clearly found that Norton's compliance with his medical treatment would restore his ability to work.

Finally, Norton objects to the ALJ's failure to "document" her consideration of the factors set forth in 20 C.F.R. § 404.1527(d) when she assigned no weight to Norton's treating physician's opinion regarding a Mental Medical Source Statement (MMSS) on October 26, 2006. Judge Noce correctly concluded that § 404.1527(d) does not require the ALJ to "document" her consideration of those factors, Rather, she must provide "good reasons" to explain the weight she gave to the treating physician's evaluation. See 20 C.F.R. § 404.1527(d) and § 416.927(d). The record shows that the ALJ provided good reasons for rejecting the treating physician's MMSS.

Accordingly,

**IT IS HEREBY ORDERED** that the Report and Recommendation of the United States Magistrate Judge Noce is **SUSTAINED, ADOPTED AND INCORPORATED** herein.

**IT IS FURTHER ORDERED that** the Commissioner of Social Security's decision to deny disability benefits to Plaintiff Mark Norton is **AFFIRMED**.

_____
RODNEY W. SIPPEL
UNITED STATES DISTRICT JUDGE

Dated this 31st day of March, 2011.